UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

AKEEN BROWN,

         Plaintiff,

    -against-

THE CITY OF NEW YORK, DET. FRANK MICELI, Shield No. 3895, Individually and in his Official Capacity, P.O. DANIEL GONZALEZ, Shield No. 1628, Individually and in his Official Capacity, P.O. MICHAEL P. ORLANDO, Shield No. 774, Individually and in his Official Capacity and P.O.'s "JOHN DOE" #1-10, Individually and in their Official Capacity (the name John Doe being fictitious, as the true names are presently unknown),

         Defendants.

-------------------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

**ECF CASE**

ROSS, J.

  Plaintiff AKEEN BROWN, by his attorney, ROBERT W. GEORGES, ESQ., complaining of the defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT

  1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

### JURISDICTION

  2. This action is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

  3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under U.S.C. §1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff AKEEN BROWN is an African-American male and has been at all relevant times a resident of the City and State of New York.

7. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, The City of New York.

9. At all times hereinafter mentioned, the individually named defendants DET. FRANK MICELI, P.O. DANIEL GONZALEZ, P.O. MICHAEL P. ORLANDO, and P.O.s "JOHN DOE" #1-#10 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## FACTS

13. On or about September 5, 2011 at approximately 9:00 p.m., non-party Frederick Jenkins was standing in the vicinity of Schenectady Ave. and Crown St. in Kings County in the City and State of New York, when he was stabbed by an individual known to him as "J".

14. Mr. Jenkins immediately ran to two NYPD officers and told them he had been stabbed.

15. At no time did Mr. Jenkins did tell the officers that plaintiff, AKEEN BROWN, had stabbed him.

16. Nevertheless, at approximately 10:30 p.m. on the evening of September 5, 2011, defendant officers stormed into 840 Montgomery St. in Kings County and placed plaintiff under arrest, handcuffing his arms tightly behind his back.

17. At no time on September 5, 2011, did plaintiff stab Frederick Jenkins or commit any crime or violation of law.

18. At no time on September 5, 2011 or thereafter did Frederick Jenkins tell any NYPD officer, or any other individual, that plaintiff had stabbed him.

19. At no time on September 5, 2011 or thereafter did Frederick Jenkins tell any NYPD officer, or any other individual, any information that could lead a reasonable person to believe plaintiff had stabbed him.

20. At no time on September 5, 2011 or thereafter did defendants possess probable cause to arrest plaintiff.

21. At no time on September 5, 2011, did defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest plaintiff.

22. In connection with his arrest, defendants filled out false and/or misleading police reports and forwarded them to prosecutors at the Kings County District Attorney's Office.

23. Thereafter, defendants repeatedly gave false and misleading testimony regarding the facts and circumstances of plaintiff's arrest.

24. Defendants falsely and knowingly alleged that Frederick Jenkins stated that AKEEN BROWN had stabbed him on September 5, 2011.

25. Specifically, following plaintiff's arrest, Frederick Jenkins told defendants that the wrong person had been arrested because the name of the person who stabbed him was "J" and not Akeen Brown, and defendants responded, in sum and substance: there's nothing we can do about it now. See the Affirmation of Frederick Jenkins, attached as Exhibit A.

26. As a result of defendants' actions, plaintiff AKEEN BROWN spent approximately six (6) days in police custody and approximately fifty (50) days fighting the charges against him.

27. Despite defendants' actions, all charges against plaintiff AKEEN BROWN were dismissed on or about October 26, 2011.

28. As a result of the foregoing, plaintiff AKEEN BROWN sustained, *inter alia*, loss of income, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

## FIRST CLAIM FOR RELIEF
### DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983

29. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "28" with the same force and effect as if fully set forth herein.

30. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

31. All of the aforementioned acts deprived plaintiff AKEEN BROWN of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

32. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

33. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

34. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

35. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

36. As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal, improper and false arrest by the defendants, taken into custody, and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

37. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

38. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39. Defendants misrepresented and falsified evidence before the Kings County District Attorney.

40. Defendants did not make a complete and full statement of facts to the District Attorney.

41. Defendants withheld exculpatory evidence from the District Attorney.

42. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff AKEEN BROWN.

43. Defendants lacked probable cause to initiate criminal proceedings against plaintiff AKEEN BROWN.

44. Defendants acted with malice in initiating criminal proceedings against plaintiff AKEEN BROWN.

45.     Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff AKEEN BROWN.

46.     Defendants lacked probable cause to continue criminal proceedings against plaintiff AKEEN BROWN.

47.     Defendants acted with malice in continuing criminal proceedings against plaintiff AKEEN BROWN.

48.     Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

49.     Specifically, defendants falsely and knowingly alleged that Frederick Jenkins told them plaintiff had stabbed him.

50.     Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff AKEEN BROWN's favor on or about October 26, 2011 when the charges against him were dismissed.

51.     As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints without probable cause.

### FOURTH CLAIM FOR RELIEF
### DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
### UNDER 42 U.S.C. § 1983

52.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "51" as if the same were more fully set forth at length herein.

53.     Defendants created false evidence against plaintiff AKEEN BROWN.

54.     Specifically, defendants falsely and knowingly alleged that Frederick Jenkins told them AKEEN BROWN had stabbed him.

55. Defendants forwarded false evidence and false information to prosecutors in the Kings County District Attorney's Office.

56. Defendants misled the prosecutors by creating false evidence against plaintiff AKEEN BROWN and thereafter providing false testimony throughout the criminal proceedings.

57. In creating false evidence against plaintiff AKEEN BROWN, in forwarding false evidence and information to prosecutors, and in providing false and misleading sworn statements, defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

58. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints without probable cause.

## FIFTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

59. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

61. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

> i. maintaining an unconstitutional arrest, summons, and stop-and-frisk quota placing an undue burden on individual officers to produce predetermined levels of "activity" within a given timeframe;
>
> ii. arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics;

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

i. an order awarding compensatory damages in an amount to be determined at trial;

ii. an order awarding punitive damages in an amount to be determined at trial;

iii. reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and

iv. directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
       October 11, 2012

BY: *[signature]*
ROBERT W. GEORGES, ESQ.
Attorney for Plaintiff
The Woolworth Building
233 Broadway, Suite 1800
New York, N.Y. 10279
Tel (212) 710-5166
Fax (212) 710-5162
rgeorges@georgesesq.com

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
Akeen Brown

        Plaintiff,

   vs.

New York City, the New York City Police
Department, Det. Frank Miceli, Shield #3895,
P.O. Daniel Gonzalez, Shield #1628,
and officers John Doe, #1-10

        Defendants.
------------------------------------------------------X

AFFIRMATION OF
FREDERICK JENKINS

    Frederick Jenkins, currently residing in the county and state of Brooklyn, New York affirms under penalty of perjury, the following:

1. I make the following statements of my own choice, free from any undue influence and based upon personal knowledge.

2. My date of birth is February 9, 1971 and I am currently employed with Pathmark Supermarket on Albany Avenue in East Flatbush, Brooklyn.

3. On Monday, September 5, 2011 at approximately 9:00pm, I was present in the vicinity of Montgomery Street between Schenectady and Troy where approximately fifteen people were gathered in front of a private home.

4. At this time, another individual (nicknamed "Milk") in the group got into a fight with his niece. During this incident, an individual, (nicknamed "J") got involved in the fight. I also got involved in an attempt to break it up.

5. At this time, "J" and I began to fight with each other and our fight moved down the street to the corner of Schenectady and Montgomery. At this time,

two male uniformed offices of the N.Y.P.D. got out of their car and stood at the location watching everyone involved. The fight stopped at this time.

6. When the fight stopped, I walked up Schenectady toward Crown Street moving away from the crowd and from "J". I was leaning up against a van speaking with a female individual when I saw "J" reach over the female's shoulder and stab me in the chest with a sharp object.

7. I recognized the person who stabbed me as "J" as he was the person I had earlier been in a fight with.

8. I had previously seen "J" at this location on Montgomery Street during similar social occasions. I had not spoken with him, but I had been at that location with him approximately three (3) times before.

9. After "J" stabbed me, I tried to run after him but I stopped because of my stab wound. I remember speaking with the same two male officers who had earlier observed up the altercation. I told them in sum and substance: he stabbed me. They ran in the direction that "J" fled and I was put into an ambulance and taken to Kings County Hospital.

10. I remained at Kings County Hospital until about Saturday, September 10, 2011. During the time I was in the hospital, I was visited by Detective Frank Miceli ("Det. Miceli") and another detective from the NYPD.

11. When Det. Miceli visited me in the hospital, I told him that the person who stabbed me was named "J." I remember I was shown pictures but I was under such medication that I was physically unable to see the pictures clearly and

thus could not identify anyone. I do not remember signing my name anywhere on the photographs I was shown.

12. After I was discharged from the hospital, I went to the 71st Precinct on Empire Blvd. and New York Avenue on or about September 18, 2011.

13. When I was at the 71st Precinct, I met with Det. Miceli and I again told him the person who stabbed was "J". Det. Miceli told me that an arrest had been made and when I told him, they had arrested the wrong person he told me, in sum and substance: there's nothing we can do about it now.

14. During this meeting with Det. Miceli, I gave him a color photograph of "J" that I had gotten off of Facebook.

15. A couple of months later, Det. Miceli came to my house at 1581 Bergen Street and showed me some photos. He stayed approximately ten minutes. There were no photos of "J" included in the pictures I was shown.

16. About a month later, people informed me that "J" was in the area where I was stabbed. I called Det. Miceli and told him that "J" might be in the area where I was stabbed and he responded: you have to call 911.

17. I have not heard from Det. Miceli or anyone from the NYPD since this phone call.

18. I have never been contacted by the Brooklyn District Attorney's Office regarding this case.

DATED this 29th day of August, 2012

Respectfully submitted,

*Frederick Jenkins* (signature)

**Frederick Jenkins**

Sworn to before me, this 29 day of August, 2012

*Florence Benfatti* (signature)
NOTARY

FLORENCE BENFATTI
Notary Public, State of New York
No. 01BE6044787
Qualified in Kings County
Commission Expires July 10, 20 14

4